TRAXLER, Circuit Judge,
concurring in the result:
I agree with the majority that Wellons dictates the result in this case, and I therefore concur in the affirmation of the district court’s ruling. With regard to the suggestion in footnote 2 that our court consider overruling Wellons, I would add a few facts to those presented by the majority that I believe would show that this is not a good case for en banc review.
Enterprise Rent-A-Car Company, the owner of the rental car, rented the car to Alexis Houston, Houston’s cousin. Alexis was the only authorized driver of the rental car, and the terms of the rental contract provided that operation of the vehicle by anyone other than Alexis automatically terminated the rental contract and entitled Enterprise to seize the vehicle without notice. Although Alexis gave Houston permission to drive the car, Houston was not an authorized driver under the rental contract. The rental contract thus terminated once Houston drove the car, and Alexis lost any contractual right she had to use the car.
After probation agents placed Houston under arrest and found him in possession of keys to a rental car, they called the Charlotte-Mecklenburg Police Department for assistance. Officer Hastings thereafter called Enterprise to check on the status of the car. Once the Enterprise representative learned that the car had been operated by an unauthorized driver, she informed Officer Hastings that Enterprise wanted the car back, and she asked for the car to be searched. Officers subsequently searched the car and found the backpack containing the gun.
As the majority concludes, Wellons is binding authority that compels us to reject Houston’s challenges to the search of the car. But even assuming that Wellons should be revisited by the en borne court, I do not believe this is the right case for it, as the search here was conducted at the express request of the undisputed owner of the car and as part of the process of returning the car to the owner. Accordingly, I concur in the judgment affirming the district court’s denial of Houston’s suppression motion.